# ADVANCE REALTY COMPANY v. JOHN F. NICHOLS
## and Another.[1]

July 3, 1914.

Nos. 18,676—(198).

**Secret profits — finding sustained by evidence.**
1. Evidence in an action to recover moneys claimed to have been received

1 Reported in 148 N. W. 65.

by defendants as secret profits in the purchase of land, while engaged in a joint adventure with their fellow incorporators and in promotion of plaintiff, *held* to sustain the trial court's finding that defendants' associates knew, before entering into the transaction, that the former were to receive a commission from the owners for the sale of the land.

**Same — corporation — no right of action.**

2. Defendants' associates, being the only other persons interested, and, with defendants, the sole incorporators and subsequent stockholders of plaintiff, and, furthermore, having prior knowledge that defendants were to receive a commission, though not of the amount thereof, no cause of action accrued to plaintiff, the corporation subsequently organized by the parties to carry out their adventure, by reason of defendants' receipt of such commission, nor, under the circumstances disclosed, because of their having been attorneys for their associates and for plaintiff.

**Cross-examination.**

3. The court did not abuse its discretion in excluding certain matters sought to be brought out on cross-examination of one of defendants' witnesses for the purpose of discrediting him.

Action in the district court for Hennepin county for an accounting for all sums of money received by defendants as secret profits at the expense of plaintiff in connection with the purchase mentioned in the opinion. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of defendants. From an order denying its motion for additional findings of fact, for an amendment to the conclusion of law, or for a new trial, plaintiff appealed. Affirmed.

*George H. Selover* and *Arthur W. Selover,* for appellant.
*Lane & Malmberg,* for respondents.

PHILIP E. BROWN, J.

This cause was tried to the court without a jury, findings made for defendants, and, after denial of plaintiff's motion for additional findings and for a new trial, it appealed from the order.

The action is one to recover moneys claimed to have been received by defendants as secret profits in the purchase of land, while engaged in a joint adventure with Messrs. Heide, Stabeck and Gold, and in promotion of plaintiff corporation. The material facts as found by

the court or established by undisputed evidence are substantially as . follows:

In the latter part of August, 1909, defendants, who, to the knowledge of their associates mentioned, were then, and for some years had been, engaged in buying and selling realty on commission, and with whom certain lots in Minneapolis had shortly theretofore been listed under an agreement for a $5,000 commission for a sale at a total price of $85,000, with a cash payment of $35,000, entered into negotiations with them, which finally resulted in a joint adventure by all the parties, pursuant to which they contracted with the owner for the purchase of the lots at the price and on the terms stated, defendants furnishing $5,000 and the others $30,000 of the cash payment, and the latter having knowledge that the former were to receive a commission but not of the amount thereof.   Thereafter the purchasers, for the first time, took up and discussed the matter of organizing a corporation to take title to and handle the property, and on September 14, 1909, they, as sole incorporators, signed the articles, the organization being completed October 15 following, with the same parties, including defendants, but no others, as its officers and directors.   On September 20 of the same year the contract with the owner was carried out, the cash payment being duly made to him and he executing a deed.   Subsequently the lots were conveyed to plaintiff and certificates of stock were issued to its incorporators in the same amounts contributed by them to the cash payment, defendants' contribution to the latter, however, and the sole consideration for their stock, being in fact their commission on the sale of the land. No other stock was ever issued, and prior to the commencement of this action defendants' stock was acquired by Heide, Stabeck and Gold.

1. Plaintiff earnestly contends that the evidence does not sustain the court's finding of knowledge on the part of defendants' associates, before entering into the joint adventure, that defendants were to receive a commission from the owner for the sale of the lots.   We cannot so hold.   With reference to the claim that Gold was not advised of this fact, it appeared that Heide was his agent in the transaction, and the latter's knowledge must be imputed to the former.

It may, therefore, be conceded that the law is generally as claimed by plaintiff, regarding the duty of absolute good faith on the part of joint adventurers, promoters, directors, and officers of corporations, towards those engaged in the undertaking, and also that under certain circumstances an action will lie by a corporation to correct abuses in these regards, yet the question remains as to the application of these principles to the facts of this case. Here the rights of innocent parties or stockholders are in no wise involved, and incorporation was first considered after the making of the contract for the purchase of the land. The principle underlying the cases cited by plaintiff is protection for those who have been induced to enter into business relations without knowledge of material facts, and such as are affected, under similar circumstances, by improper conduct after like relations have been consummated. But one having knowledge of general facts affecting contemplated contractual relations cannot be allowed to contract in disregard thereof and thereafter allege ignorance of details as a ground of action for fraud therein. This, as Mr. Justice Mitchell said (Thompson v. Libby, 36 Minn. 287, 289, 31 N. W. 52), "looks very much like permitting him to speculate upon the fraud of the other party. It is virtually to allow a man to recover for self-inflicted injuries." The facts disclosed in the present case do not bring it within the reasons of the rules invoked by plaintiff. While, no doubt, under the doctrine announced in Davis v. Las Ovas Co. 227 U. S. 80, 33 Sup. Ct. 197, 57 L. ed. 426, relied upon by plaintiff, a corporation itself may, in order to protect innocent stockholders, maintain an action to recover secret profits from promoters guilty of fraud, such profits must be "secret," and the corporate name cannot be used merely as a means of enriching those who individually would have no remedy.

"The standing of the corporation (to maintain such an action) results from the fact that there were innocent and deceived members of the corporation when the property was taken over by it." Davis v. Las Ovas Co. supra.

What has been said applies with equal force to plaintiff's claim of right to take advantage in this action of a breach of confidential relations resulting from defendants having acted in the capacity of

attorneys, at law for their fellow adventurers and also for plaintiff, and no finding which the court could properly have made in this regard would have availed plaintiff.

The reasonableness of the commission received by defendants for the sale of the lots is not involved in this case.

2. Error is assigned to the court's refusal to permit plaintiff to bring out certain matters on cross-examination of one of defendants' witnesses for the purpose of discrediting him. This was largely within the court's discretion, which was not abused.

Order affirmed.